UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO.: 3:25-cr-164-WWB-SJH
18 U.S.C. § 1014
(False Statement to Influence a
Mortgage Lending Business)

DESEAN ANTOIN FORD

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
**(False Statement to Influence a Mortgage Lending Business)**

1. A "loan originator" is an individual who, directly or indirectly, solicits or offers to solicit a mortgage loan, accepts or offers to accept an application for a mortgage loan, negotiates or offers to negotiate the terms or conditions of a new or existing mortgage loan on behalf of a borrower or lender, or negotiates or offers to negotiate the sale of an existing mortgage loan to a noninstitutional investor for compensation or gain. *See* Fla. Stat. 494.001(18).

2. A "mortgage broker" is a person conducting loan originator activities through one or more licensed loan originators employed by the mortgage broker or as independent contractors to the mortgage broker. *See* Fla. Stat. 494.001(23).

3. A "mortgage lending business" is an organization that finances or refinances any debt secured by an interest in real estate, including private mortgage

companies and any subsidiaries of such organizations, and whose activities affect interstate or foreign commerce. *See* 18 U.S.C. § 27.

4. VA loan guaranties are made to uniform service personnel, eligible veterans, and reservists who served a specified period of time and were discharged under conditions other than dishonorable, for the purchase of homes, condominiums and manufactured homes, and for refinancing loans. The U.S. Department of Veterans Affairs (or VA) guarantees part of the total loan, permitting the purchaser to obtain a mortgage with a competitive interest rate, even without a down payment if the lender agrees.

5. At all times relevant to this indictment, the defendant, DESEAN ANTOIN FORD, resided in the Middle District of Florida.

6. The defendant was a mortgage loan originator, licensed through the Nationwide Mortgage Licensing System and Registry (or NMLS) to do business in the State of Florida.

7. Mortgage Lender A was a mortgage lending business that generally did not deal directly with potential borrowers, but instead partnered with mortgage brokers who dealt directly with potential borrowers. Among other things, Mortgage Lender A made home loans secured by mortgages and guaranteed by the VA.

8. Mortgage Broker 1 was a mortgage broker who dealt directly with potential borrowers on behalf of mortgage lending businesses, including Mortgage Lender A.

9. On or about February 11, 2021, in the Middle District of Florida, the defendant,

DESEAN ANTOIN FORD,

knowingly made false statements and reports for the purpose of influencing the action of a mortgage lending business in connection with an application for a federally related mortgage loan. Specifically, as part of the application process for a VA guaranteed home mortgage loan to purchase a residence in Jacksonville, Florida, the defendant provided fraudulent documents, including altered bank statements that contained false entries and inflated balances, to Mortgage Broker 1 who caused them to be supplied to Mortgage Lender A.

In violation of 18 U.S.C. § 1014.

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(2)(A).

2. Upon conviction of a violation of 18 U.S.C. § 1014, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture for at least $245,520.00, which represents the proceeds of the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

Foreperson

GREGORY W. KEHOE
United States Attorney

By: *(signature)*
MICHAEL J. COOLICAN
Assistant United States Attorney

By: *(signature)*
FRANK TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
7/17/25 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

DESEAN ANTOIN FORD

INDICTMENT

Violations: 18 U.S.C. § 1014

A true bill,

███████████████

Foreperson

Filed in open court this 30th day of July, 2025.

_____Angela laeshi_____
Clerk

Bail   $_____

GPO 863 525